Burket, J.
Upon the death of William Salter, in the year 1876, a cause of action accrued to his personal representative for the money in bank subject to check, and if the plaintiff was seeking in this action to recover that money only, it would be clearly barred by the statute of limitation, unless prevented by some saving clause of the statute. But the petition avers that by virtue of a valid and subsisting contract, the bank was to pay interest at six per cent, on the daily balances of the deposit, to be credited on the 20th day of May and October in each and every year, and that said contract has never been annulled, changed or abrogated; that said account remained unchanged except as it was increased by deposits therein, or decreased by checks given thereon; that said estate held and kept accounts with said bank for many years, and the said accounts were mutual, numerous and complicated, and that if proper credits were made by the bank to said account, there would be a large balance in said bank due to said estate, and unpaid.
Aside from the deposit of $64,000, subject to check at the death of Mr. Salter, no date is given as to when deposits were made, or when they became payable; but it clearly appears from the petition that there were thereafter credits for interest under said contract, which contract remained unchanged to the *431 date of the filing of the petition; that other deposits were made from time to time, and that the estate held and kept accounts with the bank for many years, but how many does not appear; neither does it appear when the credits for interest ceased, or when the other deposits were made. The demurrer cannot be aided by a presumption that the credits for interest and deposits were made at so early a date as to be barred by the statute of limitations. No presumption arises in favor of the statute of limitations. On the contrary, when the petition is silent as to time, the presumption is in favor of maintaining the action. In such cases the statute of limitations must be invoked by answer. For some years after the adoption of the code of civil procedure, the lower courts held that the statute of limitations could be invoked only by answer, and that it was not available on demurrer; but later it was held by this court that a petition was demur-able Avhich shoAved on its face that the cause of action was barred by the statute of limitations. For aught that appears in this petition there may be a balance due on this account not barred by the statute of limitations, and therefore the demurrer should have been overruled.
The court of common pleas erred in sustaining the demurrer and rendering judgment in favor of the defendant in error, and the circuit court erred in affirming the judgment of the common pleas. The judgments of both courts will be reversed, the demurrer to the petition overruled and the cause remanded to the court of common pleas for further proceedings according to law.

Judgments reversed.